UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE, TRUSTEE and<br>INDIANA LABORERS WELFARE,<br>PENSION, TRAINING, AND DEFINED<br>CONTRIBUTION TRUST FUNDS,<br><br>        Plaintiffs,<br><br>    v.<br><br>4 S CONSTRUCTION, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:20-cv-197<br>)<br>)<br>)<br>) |

## COMPLAINT

Come now the Plaintiffs, by counsel, and for a cause of action against the Defendant allege and show to the court as follows:

1. This Court has jurisdiction based upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1059(a) and (b)); arising from the Defendant's violation and continued refusal to comply with collective bargaining agreements, Trust Plans and Trust Agreements.

2. Plaintiffs Indiana Laborers Welfare, Pension, Training, and Defined Contribution Trust Funds (hereinafter "the Funds"), are employee benefit plans within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1)(2)(3)(21) and 1132. The Funds maintain their office and principal place of business in Terre Haute, Indiana.

3. David Frye, a Trustee of the Funds, is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and brings this action on behalf of the participants and Trustees of the Funds. David Frye is a resident of Indianapolis, Indiana.

4. Defendant 4 S Construction, Inc. ("Defendant") is an Indiana corporation with an office and place of business in Newburgh, Indiana.

5. Defendant is an employer and is a party in interest in industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of ERISA, 29 U.S.C. §1002(5)(11)(12) and (14) and § 1059.

6. Defendant is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and LIUNA, State of Indiana District Council. A true and accurate copy of the Acceptance of Working Agreement, signed by the Defendant on April 17, 2017, is attached hereto as Exhibit A.

7. Through an executed collective bargaining agreement, Defendant agreed to file monthly benefit reports and make contributions to the Funds on behalf of its employees. Relevant portions of the CBA are attached hereto as Exhibit B.

8. Through the executed collective bargaining agreement, Defendant further agreed to comply with the obligations as set forth in the Trust Agreements of the Funds. These Agreements require that Defendant participate in a compliance audit upon request of the Funds.

9. ERISA further vests Plaintiffs with the authority to conduct this audit and requires Defendant to comply with a requested audit by the Trustees. *Central States Pension Fund v. Central Transp.*, 472 U.S. 559 (1985).

10. The purpose of the requested audit is to determine whether Defendant has made the contractually required contributions to the Funds on behalf of Defendant's employees.

11. Defendant has refused to cooperate with the Funds' request for a fringe benefit compliance audit, including, but not limited to, failing to schedule this audit with the certified public accountant retained by the Funds.

12. By refusing to participate in the audit, Defendant has failed to perform its obligations under the terms and conditions of the collective bargaining agreement, the Trust Agreements with the Funds, and ERISA, as amended.

13. Against the Defendant's refusal to comply with the terms and conditions of its collective bargaining agreement and the Trust Agreements, the Funds have no adequate remedy at law, and unless the Defendant is mandatorily compelled to comply with its written obligations, the Funds will suffer irreparable harm.

14. The Funds are entitled by the terms of Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney's fees incurred in bringing this action.

WHEREFORE, Plaintiffs demand the following relief:

1. An order requiring Defendant to produce its payroll and wage records in a fringe benefit compliance audit with the certified public accountant designated by the Funds.

2. A judgment on behalf of the Funds in the amount of Defendant's delinquencies to said Funds, plus liquidated damages and interest assessments.

3. A judgment on behalf of the Funds in the amount of its reasonable attorney's fees, and the expenses and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

4. That the Court retain jurisdiction of this cause pending compliance with its Orders.

5. For such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Neil E. Gath*
Neil E. Gath, Attorney No. 11193-49
Brandon R. Magner, Attorney No. 35300-49
ngath@gathlaw.com
bmagner@gathlaw.com
GATH LAW OFFICE
P.O. Box 44042
Indianapolis, IN 46244
Telephone: (317) 489-5715
Facsimile: (317) 602-2180
*Attorneys for the Plaintiffs*